UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
KENNETH HAIM, BRIAN COHEN, DAVID
CHANG, ARBEN PERKOLAJ AND SEJIN
KIM

DOCKET NO. CV10 - 2499

Plaintiffs

MOTION FOR REMAND

-against-

AMR CORPORATION/AMERICAN
AIRLINES INC.

Defendants
---------------------------------------------------------------
Motion to Remand and for Costs
On Grounds of Defective Removal and Lack of Federal Question and Diversity
[Under 28 U.S.C. §1447(c)]

1. Plaintiffs originally filed their claim in the Civil Court of the City of New York County of Kings ("Civil Court.") on April 7, 2010 and were assigned Docket No. 034136 in the above named action. Plaintiffs served the Summons and Complaint for Civil Court Docket No. 034136 on Defendants on May 14, 2010. Defendants purportedly filed Notice of Removal to the United States District Court Eastern District of New York ("E.D.N.Y.") on June 2, 2010. Defendants' Notice of Removal to E.D.N.Y. is defective because the amount in controversy does meet the threshold necessary to maintain Diversity Jurisdiction under 28 U.S.C § 1332 and because Plantiffs' claims do not raise a Federal Question under 28 U.S.C. §1331.

## E.D.N.Y. HAS NO DIVERSITY JURISDICTION OVER THIS MATTER

**A. Plantiffs' separate compensatory damages claims do not meet or exceed $75,000 each and cannot be aggregated.**

2. Defendants state, in paragraphs 5 and 6, of Defendants' Notice of Removal that the damages sought exceed jurisdictional limitations of all lower Courts in the State of New York and that Defendants believe that the amount in controversy exceeds the sum of seventy five thousand dollars. Both of the Defendants' beliefs are incorrect.

3. Plaintiffs' claims consist of at least 5 distinct claims for compensatory damages. Plaintiffs indicate, in paragraph 13 of Plaintiffs' complaint, that each Plaintiff demands a specific amount of compensatory damages and that no single Plaintiff's compensatory damages meet or exceed $75,000. In fact, none of Plaintiffs' individual compensatory damages claims surpass $2,000. Each Plaintiff has a separate claim against Defendants and no claim meets or exceeds the $75,000 threshold. Further, because each Plaintiff's complaint and damage amount is separate, these claims are not part of a common fund and therefore cannot be aggregated to attempt to meet the $75,000. *See Pinel v. Pinel*, 240 U.S. 594 (U.S. 1916)

**B. Plaintiffs' Claims for punitive damages cannot be aggregated to meet the $75,000 threshold.**

4. Each Plaintiff requests a punitive damage award of $23,000 for Defendants' willful actions in this matter. The sum of each Plaintiff's compensatory and punitive damage amount to less than $25,000 for each Plaintiff, well below the amount in controversy threshold. The court, in *Gilman v. BHC Secs.*, 104 F.3d 1418, ruled that punitive damages associated with each Plaintiff's separate claims are similarly separate and not subject to aggregation for the purpose of meeting the amount in controversy threshold. Plaintiffs' punitive damage demands can not be aggregated to meet the $75,000 diversity threshold because Plaintiff's underlying claims for

compensatory damages are separate and not part of a common fund.

### C. Defendants' maintain a nerve center in New York State

5. While it is clear that the amount in controversy has not been met, Plaintiffs also dispute Defendants' claim, in paragraph 3 of Defendants' Notice of Removal, that Defendants are Citizens of the States of Texas and Delaware, and by implication, not Citizens of the State of New York. Upon Plaintiff's information and belief, Defendants maintain transportation hubs at both major New York City airports, John F. Kennedy and La Guardia, and maintain several offices in and around New York City. Further American Airlines sends regular marketing emails which are received inside the State of New York.

6. Based on the above, Plaintiffs' request that this matter be remanded to Civil Court for lack of Diversity Jurisdiction.

## THE FACTS OF THIS MATTER DO NOT RAISE A FEDERAL QUESTION

7. Contrary to paragraphs 7, 9 and 10 of Defendants' Notice of Removal, Plaintiffs' allegations are not governed by the Montreal Convention. In *Weiss v. El Al Isr. Airlines, Ltd.*, 433 F. Supp. 2d 361, at 365, the court explained that "the Montreal Convention, like the Warsaw Convention, provides strict carrier liability for the following three categories of damages arising out of the international carriage of passengers or goods by airlines. Article 17 provides for carrier liability for the death or bodily injury of a passenger or the destruction, loss of or damage to her baggage, provided that the harm occurred onboard the aircraft or in the process of embarking or disembarking. Article 18 provides for damage to cargo sustained during carriage

by air, subject to certain exclusions. Finally, Article 19 provides for carrier liability occasioned by delay in the carriage of passengers, baggage or cargo unless the carrier can prove that it and its servants and agents took all measures that could reasonably be required to avoid the damage or that it was impossible for it or them to take such measures." *(quotations removed)* The facts of this matter do not meet any of the criteria listed by the Weiss court and quoted above. Therefore the Montreal Convention does not apply to Plaintiffs' claims.

8. In *Mullaney v. Delta Air Lines, Inc.*, 2009 U.S. Dist. LEXIS 51039, the United States District Court Southern District of New York ("S.D.N.Y") stated that an Airline Defendant's failure to perform its obligation to provide carriage in exchange for money is non-performance. The Mullaney Court also stated that "Claims for non-performance are not preempted by Article 19 of the Convention." Id at 5.

9. Plaintiffs' claims do not relate to delay or carriage, rather Plaintiff's claims are for non-performance of contract, breach of contract, negligence and Defendants' willful violation of American Airlines' policy. Defendants did not perform their part of Defendants' agreements with Plaintiffs to return Plaintiffs from Belize to the United States. Therefore, neither the Plaintiffs' claims nor the facts of this matter support preemption by the Montreal Convention. This matter may be adjudicated in the Civil Court of the City of New York under state and local law.

10. Based on the above, Plantiffs request that United States District Court Eastern District of New York Docket Number 10 CV 2499 be remanded to the Civil Court of the City of New York. Pursuant to rule 28 USC 1447 (c), Plaintiffs request that the Court order Defendants to pay costs and attorney fees associated with the removal.

Respectfully Submitted

*[signature]* 7/1/2010

Kenneth J. Haim, Esq.

235 Adams St, Apt 3D

Brooklyn, NY 11201

CC: AMR Corporation/American Airlines Inc.

PO BOX 619616

DFW Airport, TX 75261-9616